IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN JAMES ENGLEMAN                                PLAINTIFF

v.                  Civil No. 05-5132

SHERIFF KEITH FERGUSON;
DEPUTY MURRAY; and
KEITH SMITH, Chief of Police,
Gentry Police Department                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 27, 2005. He proceeds pro se and in forma pauperis.

On June 28, 2006, a summary judgment motion (Doc. 27) was filed by Sheriff Keith Ferguson and Deputy Murray. On July 18, 2006, a motion for summary judgment (Doc. 30) was filed by Chief of Police Keith Smith. To assist plaintiff in responding to the summary judgment motions, a questionnaire was propounded (Doc. 36). Plaintiff was given until December 14, 2006, to file his response to the court's questionnaire.

To date, plaintiff has failed to respond to the court's questionnaire. On January 3, 2007, separate defendants Sheriff Keith Ferguson and Deputy Murray filed a motion to dismiss (Doc. 38). They contend this action should be dismissed based on plaintiff's failure to respond to the summary judgment motion and to the court's order.

The court's order and attached questionnaire have not been returned as undeliverable. Plaintiff has not sought an extension of time to respond to the court's questionnaire or to the pending summary judgment motions. Plaintiff has not advised the court of any change of his

address. Plaintiff has not communicated with the court in anyway.

Accordingly, I recommend that the motion to dismiss be granted and that this action be dismissed in its entirety based on the plaintiff's failure to prosecute this action and his failure to respond to the court's order. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of January 2007.

/s/ James R. Marschewski
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)