IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN JAMES ENGLEMAN                                                       PLAINTIFF

            v.                           Civil No. 05-5132

SHERIFF KEITH FERGUSON;
DEPUTY MURRAY; and
KEITH SMITH, Chief of Police,
Gentry Police Department                                             DEFENDANTS

## O R D E R

Before the undersigned for decision are the plaintiff's motion for appointment of counsel (Doc. 48) and the motion to compel filed by separate defendant Keith Smith (Doc. 49).

In his motion for appointment of counsel, plaintiff merely states that he misunderstood what the defendants' motions for summary judgment meant. He states he does not want the case to be dismissed and asks for the appointment of counsel.

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary."

*Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The court has reviewed the file. The plaintiff has been able to file a variety of documents with the court asking for various forms of relief and filed objections to the report and recommendation issued by the undersigned. The documents filed by plaintiff have been understood by the court. The court will assist the plaintiff in responding to the summary judgment motions by preparing a questionnaire. In addition to responding to specific questions from the court, plaintiff may in responding to the questionnaire provide the court any other information he believes the court should consider in ruling on the motions. From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case. The motion for appointment of counsel is denied (Doc. 48).

On February 9, 2006, the separate defendant Keith Smith filed a motion to compel (Doc. 49). In the motion, Smith indicates he propounded interrogatories and requests to production to the plaintiff on November 2, 2006. On February 1, 2007, Smith states he received a letter regarding the discovery responses from the plaintiff. The letter states: "As I am in jail at the

time I cannot answer your interrogatory. And I would not give you access to any of the information anyway. I'm not the one on trial here."

The discovery rules are to be given a broad, liberal interpretation. *See e.g., Edgar v. Finley*, 312 F.2d 533 (8th Cir. 1963). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Plaintiff cannot object to discovery merely because he does not believe he is on "trial." Once having filed a lawsuit, the rules of discovery allow both sides to submit interrogatories and request for production of documents to the opposing parties. If plaintiff believes a particular discovery request is objectionable, he must state very specifically why he objects to providing the information sought in that request. Plaintiff's broad objection to all discovery in general is clearly insufficient.

Accordingly, the motion to compel (Doc. 49) is granted. Plaintiff is directed to provide defendant Smith with responses to the discovery requests **by 5:00 p.m. on March 1, 2007.**

IT IS SO ORDERED this 14th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE